UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENTURE GENERAL AGENCY, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., et al., <br><br> Defendants. | Case No. 19-cv-02778-TSH <br><br> **ORDER RE: MOTION TO DISMISS** <br> Re: Dkt. No. 19 |

## I. INTRODUCTION

Plaintiffs Venture General Agency, LLC and Old American County Mutual Fire Insurance Co. bring a negligence claim against Defendant Wells Fargo Bank, N.A. after a third party fraudulently induced Venture to transfer $1,708,112.86 into an account held by the third party at Wells Fargo. Pending before the Court is Wells Fargo's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. Plaintiffs filed an Opposition (ECF No. 20) and Defendant filed a Reply (ECF No. 21). The Court finds this matter suitable for disposition without oral argument and **VACATES** the October 17, 2019 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions and the relevant legal authority, the Court **GRANTS** Wells Fargo's motion for the following reasons.

## II. BACKGROUND

The Court laid out in detail the allegations in this case in its order granting Wells Fargo's motion to dismiss Plaintiffs' original complaint. ECF No. 16. Because the First Amended Complaint ("FAC") is largely identical to the original complaint, the Court assumes familiarity with those allegations and will not repeat them in full here. Summarizing the dispute, however, Plaintiff Venture General Agency, acting as a managing general agent ("MGA") for Old

American, was fraudulently induced by an unknown, third-party fraudster into transferring $1,708,112.86 of Old American's funds into a fraudulent account opened with Wells Fargo in Old American's name. Plaintiffs' original complaint (ECF No. 1), filed on May 21, 2019, asserted one count of negligence and one count of negligence per se against Wells Fargo. Wells Fargo moved for dismissal of that complaint on June 25, 2019. ECF No. 8.

On reviewing Wells Fargo's motion to dismiss the original complaint, the Court found that a bank does not owe a duty of care to noncustomers. It found that because the complaint did not allege that Plaintiffs were customers of Wells Fargo, it failed to plead allegations showing a duty of care owed by Wells Fargo to Plaintiffs. Thus, the Court found Plaintiffs failed to state a valid claim of negligence. It dismissed that claim with leave to amend. Regarding Plaintiffs' negligence per se claim, the Court noted that the claim was based on Wells Fargo's alleged failure to comply with the Bank Secrecy Act ("BSA") as amended by the USA PATRIOT Act, 31 U.S.C. §§ 5311-32. The Court found that there is no private right of action under the BSA or Patriot Act, and that because there is no private right of action, there can be no duty of Wells Fargo to Plaintiffs arising out of those acts. The Court dismissed Plaintiffs' negligence per se claim without leave to amend.

Plaintiffs' FAC makes the same factual allegations in support of the negligence claim as the original complaint did, save for the addition of the following:
> During the relevant time periods herein, Old American maintained two premium trust accounts with Wells Fargo, which were joint accounts shared by Old American as well as its MGAs. One such premium trust account, ending in *7076, was opened in or about August 2012, while the other such premium trust account, ending in *3430, was opened in or about September 2015. These accounts remain open and active between Old American and/or its MGAs and Wells Fargo.

FAC ¶ 7.

Wells Fargo has moved for dismissal of the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 19.

### III. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to

2

dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted); Fed. R. Civ. P. 8(a)(2) (A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). However, the Court may deny leave to amend for several reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. DISCUSSION

The Court based its first dismissal of Plaintiffs' negligence claim on the principle that, "absent extraordinary and specific facts, a bank does not owe a duty of care to a noncustomer." *Software Design & Appl., Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 479 (1996) (citations omitted); *Dodd v. Citizens Bank of Costa Mesa*, 222 Cal. App. 3d 1624, 1628 (1990) (holding that a bank does not owe a duty of care to a noncustomer absent a showing that the

3

1  noncustomer was an alter ego of, or had personally guaranteed the debts of, the bank's customer);

2  *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 226 (4th Cir. 2002) ("[I]t has been held that

3  banks do not owe a duty of care to noncustomers even when the noncustomer is the person in

4  whose name an account was fraudulently opened."). Plaintiffs attempt to cure the defect of their

5  first complaint by alleging in the FAC that Old American (along with its MGAs) was a customer

6  of Wells Fargo at the times surrounding the fraudulent transfers.

7      Wells Fargo argues that even though Old American was a customer of Wells Fargo at the

8  time of the fraudulent transfers, that is insufficient to give rise to a duty of care to Old American as

9  to the transactions in this matter. It argues that because a bank's duty of care is "born from its

10  contract with its customer, it follows that the duty of care is limited by the terms of the contract . .

11  . ." Mot. to Dismiss FAC 7, ECF No. 21. It argues that Plaintiffs have not pleaded any facts

12  showing a nexus between Plaintiffs' Wells Fargo accounts and the funds transferred into the

13  fraudster's Wells Fargo account. *Id.* As a result, it argues, Plaintiffs are not considered Wells

14  Fargo customers for purposes of the fraudulent transactions, where the alleged fraudster is the

15  owner of the Wells Fargo account. *Id.*

16      Plaintiffs argue that after receiving actual knowledge of fraud on Old American, one of its

17  customers, Wells Fargo had a duty to cooperate with Plaintiffs in correcting the fraud. Pls.' Opp'n

18  to Mot. to Dismiss ("Opp'n") 6-7, ECF No. 20. They contend that they are asserting a novel legal

19  theory—that a bank owes a duty to a customer when the customer is defrauded on an unrelated

20  account. They argue dismissal is disfavored where a party is asserting a novel legal theory, and

21  thus this motion to dismiss should be denied. *Id.* at 4-5. They also argue that their case should be

22  allowed to proceed so that they may be permitted to obtain discovery on the contracts and

23  amendments Old American has with Wells Fargo to "verify their authenticity and ascertain their

24  terms and conditions and whether same are enforceable." *Id.* at 5. And they argue alternatively

25  that, even if their theories of recovery are "imperfectly pleaded," dismissal is not warranted

26  because the facts demonstrate their entitlement to relief. *Id.*

27  **A.     Whether Wells Fargo Owed Plaintiffs a Duty**

28      The Court agrees with Wells Fargo that, even though Old American might have been a

customer of Wells Fargo at the time of fraudulent transactions, Wells Fargo owed no duty to Plaintiffs vis-à-vis those transactions. While a bank owes its customers a duty of care, that "basic duty of care derives from the contract with their customer[.]" *Software Design*, 49 Cal. App. 4th at 479; *Roy Supply, Inc. v. Wells Fargo Bank*, 39 Cal. App. 4th 1051, 1076 (1995) ("The duty owed by the Bank in this case derives from its contracts with its customers[.]"); *Allen v. Bank of America Nat'l Trust & Sav. Asso.*, 58 Cal. App. 2d 124, 127 (1943) ("The relation of banker and depositor is founded on contract."). Even though Plaintiffs now allege Old American was a customer of Wells Fargo, they have not alleged that they were parties to the agreement underlying the account involved in the fraudulent transfers. *See Roy Supply*, 39 Cal. App. 4th 1076 (shareholder of corporate plaintiffs owed no duty of care where he "was not a party to [bank] contracts, nor is there any allegation [he] was an intended beneficiary of the contracts between defendant and the corporate plaintiffs"). "Absent extraordinary and specific facts . . . a bank is liable only to *its customer* for its mishandling of that customer's account." *Id.* (citations omitted); *Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 537 (1998) (the contractual relationship between bank and depositor "entails no contractual obligation to persons other than the account holder"). Plaintiffs have not alleged any actions by Wells Fargo in connection with any of Old American's accounts. Their FAC relates to actions Wells Fargo took (or didn't take) in connection with a third-party's account. Plaintiffs have not alleged that they had any interest in that account. Whatever duties Wells Fargo owed in connection with that account were owed to that accountholder. That duty did not extend to Old American as a holder of separate, unrelated accounts. The FAC does not allege facts showing a general duty of care owed by Wells Fargo to Plaintiffs, even with the added allegation that Old American had separate, existing accounts at Wells Fargo.

Plaintiffs allege alternatively that Wells Fargo had an independent duty to cooperate with them in investigating and remedying the fraud after receiving actual knowledge of the fraud. FAC ¶ 51. Similarly, they allege that Wells Fargo acted negligently, after learning of the fraud, by failing to inform Plaintiffs of the amounts of funds remaining in the account, to whom the funds were wired, and the procedures and processes for obtaining return of the fraudulently transferred

5

funds. *Id.* ¶ 53. However, California courts have found that, "under California law, a bank owes no duty to nondepositors to investigate or disclose suspicious activities on the part of an account holder." *Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1149 (2005). "Courts are more reluctant to recognize duties in this context because such duties run the risk of violating the bank's or merchant's customers' right to privacy and of forcing the bank or merchant to act as the guarantor of their customers' transactions." *QDOS, Inc. v. Signature Financial, LLC*, 17 Cal. App. 5th 990, 1000 n.3 (2017) (quoting *Casey*, 127 Cal. App. 4th at 1149) (internal quotations omitted); *Chi. Title Ins. Co. v. Superior Court*, 174 Cal. App. 3d 1142, 1159 (1985) ("If . . . banks had a duty to reveal suspicions about their customers, they would violate their customers' right to privacy, not to mention be forced to act as the guarantor of checks written by the depositors.").

Plaintiffs rely on a single case in arguing otherwise. But that case does not stand for the proposition that a bank has a duty to cooperate with a defrauded party. In *Sun'n Sand, Inc. v. United California Bank*, an employee of Sun'n Sand prepared and obtained authorized signatures on checks payable to United California Bank ("UCB") for small amounts. 21 Cal. 3d 671, 678 (1978). The employee then altered the checks, increasing the amount on each check, and presented them to UCB. *Id.* "Although UCB was the named payee, it 'caused or permitted' the proceeds of the checks to be deposited in a personal account maintained by [the employee] at UCB." *Id.* A two-justice plurality of the California Supreme Court held that the "sufficiently suspicious" circumstances surrounding the checks gave rise to a "duty of inquiry" into the employee's authorization to complete the transaction. *Id.* at 694-95. The duty, the plurality wrote, "is narrowly circumscribed: it is activated only when checks, not insignificant in amount, are drawn payable to the order of a bank and are presented to the payee bank by a third party seeking to negotiate the checks for his own benefit." *Id.* at 695. The plurality did not discuss "objective indicia" of fraud "activating" a duty of care, as Plaintiffs argue; it held that once a bank has a duty of inquiry, it should look for "objective indicia" that the "party presenting the check is authorized to transact in the manner proposed." *Id.* 695-96. Since *Sun'n Sand* discussed a duty to inquire into suspected fraud, and not a duty arising after a fraud has been committed, it does not help Plaintiffs' argument, even assuming the two-justice plurality opinion constitutes legal authority.

*See Roy Supply,* 39 Cal. App. 4th at 1071 ("[N]ot only is the lead opinion in *Sun'n Sand* not a landmark decision, it is not even precedent.").

Lastly, under California law, a bank is generally required to disregard any notice of adverse claims to an account:

> *Notice to any bank of an adverse claim* (the person making the adverse claim being hereafter called "adverse claimant") to a deposit standing on its books to the credit of or to personal property held for the account of any person *shall be disregarded*, and the bank, notwithstanding the notice, shall honor the checks, notes, or other instruments requiring payment of money by or for the account of the person to whose credit the account stands and on demand shall deliver that property to, or on the order of, the person for whose account the property is held, *without any liability on the part of the bank*[.]

Cal. Fin. Code § 1450 (emphasis added). The statute lists two exceptions to that general rule, but neither was applicable in the circumstances alleged. *See id.* at § 1450(a) (affidavit regarding anticipated misappropriation of property by fiduciary), (b) (adverse claim supported by an order or injunction). So, to the extent Wells Fargo disregarded any claims by Plaintiffs to the transferred funds, it was required to do so without incurring liability.

In sum, Wells Fargo owed no duty to Plaintiffs vis-à-vis the third-party account in this case, or to cooperate with Plaintiffs to remedy the fraud, or to disclose to Plaintiffs information related to the third-party account.[1]

Plaintiffs' FAC fails to state a plausible claim for negligence.

**B.  Plaintiffs' Additional Arguments**

Plaintiffs additionally argue that their FAC should not be dismissed because they are asserting a novel legal theory. That argument is unpersuasive. Plaintiffs' purported theory is that, while courts have clearly decided that a bank owes no duty to noncustomers in general, a bank owes a duty to a customer when the customer has been defrauded on a separate account. Opp'n at 4. But as discussed above, existing law draws the conclusion that Wells Fargo owed Plaintiffs no duty concerning the fraudster's third-party account, nor a duty to cooperate with Plaintiffs in

---

[1] To the extent that the FAC continues to allege failures by Wells Fargo to comply with BSA or Patriot Act requirements, the Court has already held that those facts would not sustain a private right of action.

7

investigating the fraud, nor a duty to disclose to Plaintiffs nonpublic information regarding the third-party account. Plaintiffs are merely arguing that liability should be extended to where it does not extend. Their other argument that dismissal is not warranted because "the facts demonstrate Plaintiffs' entitlement to relief" is without merit for the same reason, because the facts alleged do not show Wells Fargo owed them a duty.

Plaintiffs also posit that, even if Wells Fargo owed them no duty, the FAC could succeed under an intentional tort theory of liability. Specifically, they point to aiding and abetting a fraud. As Wells Fargo points out, if Plaintiffs believed that there is a plausible claim against Wells Fargo for an intentional tort, it is unclear why they did not make it in the FAC. Generally, under Fed. R. Civ. P. 8, a plaintiff must raise a claim in its complaint. *See Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("A claim raised for the first time in briefing on a motion to dismiss may not be considered.") (citing *Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1050 n.5 (9th Cir 1987)); *Touchstone Research Grp. LLC v. United States*, 2019 U.S. Dist. LEXIS 172203, *8 n. 5 (S.D.N.Y. 2019) ("[I]t is 'axiomatic that the Amended Complaint cannot be amended by the briefs in opposition to a motion to dismiss.'") (quoting *O'Brien v. National Property Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989)). Nevertheless, Plaintiffs clearly have not pleaded a plausible claim of aiding and abetting a fraud. "California courts have long held that liability for aiding and abetting depends on proof the defendant had actual knowledge of the specific primary wrong the defendant [allegedly] substantially assisted." *Upasani v. State Farm General Ins. Co.*, 227 Cal. App. 4th 509, 519 (2014) (citations omitted). Plaintiffs have not alleged that Wells Fargo had actual knowledge that a fraud was being committed until after its commission. FAC ¶¶ 15-22, 52. Nor do the allegations in the FAC plausibly support any other intentional tort claim.

Finally, Plaintiffs assert that they should be given more time to obtain discovery regarding the agreements Old American had with Wells Fargo vis-à-vis Old American's accounts with the bank. However, that argument is not persuasive. Those accounts are legally irrelevant because there are no allegations in the FAC connecting them to the transactions at issue. Further, the accounts belong to Old American, which has suggested no reason it could not obtain the

agreements itself and ascertain the rights and duties contained therein.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant Wells Fargo's Motion to Dismiss the First Amended Complaint. Since Plaintiffs will not be able to sufficiently amend their complaint to state a valid negligence cause of action, Plaintiffs' claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

Dated: October 16, 2019

THOMAS S. HIXSON
United States Magistrate Judge